UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **HELIX ELECTRIC, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | )   Civil Action No.: _____ |
| **ARCHER WESTERN-HEERY** | ) |
| **INTERNATIONAL JOINT VENTURE,** | ) |
| **ARCHER WESTERN CONTRACTORS,** | ) |
| **LLC, AND CBRE HEERY, INC. f/k/a** | ) |
| **HEERY INTERNATIONAL, P.C.,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Helix Electric, Inc. ("Helix") by and through its undersigned counsel, as and for its complaint against Defendants Archer Western-Heery International Joint Venture ("AWHJV"), Archer Western Contractors, LLC, and CBRE Heery, Inc. (collectively "Defendants"), states as follows:

## THE PARTIES

1. Plaintiff Helix is a corporation duly organized and existing under and by virtue of the laws of the State of California, qualified to do business in the Commonwealth of Virginia. Helix's principal place of business is located at: 6795 Flanders Drive, San Diego, California 92121.

2. Upon information and belief, Defendant Archer Western Contractors, LLC. ("Archer Western") is a Georgia corporate entity doing business in the Commonwealth of Virginia and in the City of Norfolk, Virginia.

3. Upon information and belief, Defendant CBRE Heery, Inc., formerly known as Heery International, P.C. ("Heery"), is a Georgia corporate entity that is headquartered in

Atlanta, Georgia and is doing business in the Commonwealth of Virginia and in the City of Norfolk, Virginia.

4. Upon information and belief, Archer Western and Heery formed an entity known as and doing business as Archer Western-Heery International Joint Venture ("AWHJV"), and AWHJV was formed for the purpose of performance a specific construction project in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

5. Pursuant to the Dismissal Order in Case No. 2:18-cv-0641-RJK, this Court retains jurisdiction "for the purpose of enforcing the settlement agreement resulting in dismissal of the action." Case No. 2:18-cv-0641-RJK, Dkt. No. 54 (Nov. 14, 2019).

6. Moreover, this Court has subject matter jurisdiction over all claims set forth in this complaint pursuant to federal diversity jurisdiction, 28 U.S.C. § 1332, as Plaintiff does not share a state of citizenship with any Defendant and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over all Defendants pursuant to 31 U.S.C. § 3732(a), as Defendants are doing business in the City of Norfolk, Virginia, and such business transactions give rise to this action.

8. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district, and because Defendants are subject to personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

9. AWHJV is the prime contractor on the public construction project or work of improvement known as the Norfolk Consolidated Courts Complex ("Project"), for the City of Norfolk Department of Public Works ("City" or "Owner").

10. On December 5, 2011, AWHJV and Helix entered into a Subcontract ("Subcontract"), pursuant to which Helix agreed to perform certain work on the Project.

11. Disputes arose between Helix and AWHJV regarding the amounts due for work performed by Helix on the Project. As a result, on November 29, 2018, Helix filed a lawsuit, Civil Case No. 2:18-cv-00641 ("Original Action") in this same Court against AWHJV, Archer Western, Heery and AWHJV's payment bond surety, Travelers Casualty and Surety Company of America. Case No. 2:18-cv-00641-RJK, Dkt. No. 1 (Nov. 29, 2018).

12. On or about January 30, 2019, AWHJV filed a First Amended Answer, Affirmative Defenses, Counterclaim, and Crossclaim, which included a counterclaim against Helix. Case No. 2:18-cv-00641-RJK, Dkt. No. 27 (Jan. 30, 2019).

13. On or about October 16, 2019, the parties reached an agreement to settle the Original Action, including all claims, counterclaims, and crossclaims alleged by the parties. The resolution was set forth in a written settlement and release agreement executed by Helix and each Defendant named in this lawsuit ("Settlement Agreement"), the terms of which the parties agreed would remain confidential. Based on that agreement of confidentiality, Helix has filed this complaint without referring to the express terms of the agreement, including the specific provisions of the agreement that AWH has breached. Moreover, Helix is not attaching the Settlement Agreement to this complaint, but will file it under seal as necessary.

14. The Settlement Agreement imposed obligations on Helix and each of the Defendants. Helix has complied with each and every obligation imposed by the Settlement Agreement. Defendants have not complied with their obligations pursuant to the Settlement Agreement, and have instead demanded additional action from Helix that plainly is not required by the terms of the Settlement Agreement.

15. Helix fully performed its obligations in accordance with the terms and conditions of the Settlement Agreement.

## COUNT I
## BREACH OF CONTRACT

16. Helix realleges and incorporates by reference paragraphs 1 through 15, above, as though set forth in full at this point.

17. Helix fully performed its obligations in accordance with the terms and conditions of the Settlement Agreement.

18. AWHJV, Archer Western, and Heery breached the Settlement Agreement by failing to comply with the obligations imposed by the Settlement Agreement.

19. As a direct and proximate result of said breach of the Settlement Agreement, Helix has been damaged in an amount not yet fully ascertained in accordance with the Settlement Agreement and according to proof at trial, but in excess of the jurisdiction minimum of this court, together with interest at maximum legal rates from dates according to proof.

20. Pursuant to the terms of the Settlement Agreement, Helix is entitled to recover its attorneys' fees incurred in this action to enforce the terms and conditions of the Settlement Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment in favor of Plaintiff and against Defendants on all causes of action as follows:

1. For general, special, and consequential damages in an amount not yet fully ascertained in accordance with the Settlement Agreement but in excess of the jurisdictional minimum of this Court;

2. For interest on all sums awarded at maximum legal rates from dates according to proof;

3. For costs and expenses incurred in bringing this action, including attorneys' fees; and

4. For all such other relief as the Court deems just and proper.

Dated: February 5, 2020

Respectfully submitted,

*/s/ Lyndsay A. Gorton*
Stephen J. McBrady, VA Bar No. 73194
Anuj Vohra (*pro hac vice forthcoming*)
Lyndsay A. Gorton, VA Bar No. 80409
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(t) (202) 624-2500
(f) (202) 628-5116
SMcBrady@crowell.com
AVohra@crowell.com
LGorton@crowell.com

*Counsel for Plaintiff Helix Electric, Inc.*